**Jill K. BEERNINK, Appellant,**

**v.**

**Joseph E. RODWELL, et al., Respondents.**

**No. C7–89–1917.**

Court of Appeals of Minnesota.

May 8, 1990.

Arlo H. Vande Vegte, Arlo H. Vande Vegte, P.A., Long Lake, for appellant.

Paul B. Kilgore, John R. Shoemaker, Murnane, Conlin, White, Brandt and Hoffman, St. Paul, for respondents.

Considered and decided by HUSPENI, P.J., SCHUMACHER and LESLIE *, JJ.

## OPINION

SCHUMACHER, Judge.

The trial court granted partial summary judgment on a claim seeking compensation under Minn.Stat. § 181.145 (1986) and this appeal followed. We reverse and remand.

## FACTS

In the summer of 1987, Joseph E. Rodwell (Rodwell) recruited Jill Beernink (Beernink) to work for him as an agent selling life insurance. Rodwell was an exclusive general agent for Northwestern Mutual Life Insurance Company. Beernink signed agreements which stated she was an independent contractor and began selling life insurance.

In July of 1987, an office call was referred to Beernink which resulted in the sale of a life insurance policy that produced a commission of $9,257.16. The policy was issued September 1, 1987, and delivered to the policyholder November 3, 1987. A dispute arose when Rodwell claimed one-half of the commission for the sale of the policy.

Beernink resigned on September 8, 1987, and demanded payment of all commissions due her. Pursuant to agency procedures, Beernink's relationship with Rodwell and his agency were terminated on October 10, 1987.

Beernink initiated this action and the trial court granted a motion for summary judgment on one count of Beernink's complaint which sought damages for penalty and attorney fees. Beernink appeals from the final judgment challenging the grant of summary judgment.

## ISSUE

Did the trial court err in granting summary judgment on the second count of

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Beernink's complaint which asserted a claim for compensation under Minn.Stat. § 181.145 (1986)?

## ANALYSIS

 The only issue on appeal is whether "services or merchandise" under Minn. Stat. § 181.145 (1986) include a contract for life insurance.

Subdivision 1. For the purposes of this section, "commission salesperson" means a person who is paid on the basis of commissions for sales and who is not covered by sections 181.13 and 181.14 because the person is an independent contractor. For the purposes of this section, the phrase "commissions earned through the last day of employment" means commissions due for *services or merchandise* which have actually been delivered to and accepted by the customer by the final day of the salesperson's employment.

Minn.Stat. § 181.145 (1986) (emphasis added). There is no definition in the statute for "services or merchandise."

A contract for life insurance is a contract between an insurance company and a policy holder which entitles a designated beneficiary to receive funds from the insurance company upon the death of the policy holder. In exchange for this benefit, the insurance company receives premium payments. The insurance company is providing merchandise to the beneficiary of the insured in exchange for premium payments. We conclude that a contract for life insurance is a "service or merchandise" within the meaning and purview of Minn.Stat. § 181.145 and there was a delivery of the merchandise under the statute when coverage was afforded the insured on September 1, 1987.

## DECISION

The trial court's grant of summary judgment is reversed.

Reversed and remanded.